Nik G. Geranios
Dye & Moe, P.L.L.P.
216 West Main Street, Suite 200
P.O. Box 9198
Missoula, Montana 59807
406/542-5205
406/721-1616 fax
hdye@dyemoelaw.com
Attorney for Debtors
I.D. Number 4379

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

IN RE

KIFFLIN M. BAUER,

    Debtor.

Case No. 07-60602

**FIRST AMENDED CHAPTER 13 PLAN** (DATED August 13rd 2007)

1.     The future earnings and other income of the Debtor is submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor shall pay to the Trustee the sum of:

Three Hundred Fifty-Five and 50/100 Dollars ($355.50) each month until this Plan is completed. It is contemplated that this Plan will take Sixty (60) months to complete.

2.     From the payments so received, the Trustee shall make disbursements as follows:

    (a)     <u>Administrative Claims</u>. In advance of all other claims, the Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(1), including Debtors' attorneys' fees in the amount of One Thousand Twenty-Four Dollars ($1,024.00).

FIRST AMENDED CHAPTER 13 PLAN      1

(b) <u>Impaired Secured Claims</u>. After payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate prescribed below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Description of Collateral | Balance[1] | Rate of Interest |
|---|---|---|---|
| Green Tree | Homestead (1992 Trailer) | $14,277.06 | 7% |

Secured creditors shall retain their liens until their allowed secured claims have been paid in full, together with interest. In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

(c) <u>Unimpaired Secured Claims</u>. The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| Sterling Savings Bank | 1999 Dodge Stratus |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearages | Interest Rate |
|---|---|---|

N/A

(d) <u>Priority Claims</u>. After payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(e) <u>Unsecured Claims</u>. After the payments specified above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

---

[1] This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.

FIRST AMENDED CHAPTER 13 PLAN                                       2

    (f) <u>Liquidation Analysis</u>. The total amount distributed under paragraphs 2(d) and (e) will be at least ($15.00) which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3.     Debtor rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

N/A

    All other executory contracts and unexpired leases shall be affirmed.

    4. Debtor reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to performance under this Plan.

    5. Other provisions:

    a) Debtor will devote all of her disposable income to the plan as required by 11 U.S.C. § 1325(b)(1) and will report all changes in disposable income to the trustee.

    b) As applicable to this case, Post-Petition mortgage payments shall be applied and credited to the Debtors' mortgage account as if the account were current and no pre-petition default existed on the petition date.

    c) As applicable to this case, Pursuant to 11 U.S.C. 524(i), any creditor that seeks attorneys fees under 11 U.S.C. 506(b) must file and serve a notice and fee application in compliance with 11 U.S.C. 503 and under Bankruptcy Rule 2016.

    d) Any funds held by a mortgage creditor or any other creditor in a suspense account as of the petition date must return said funds to the Debtors and provide an accounting thereof.

    e) Any funds recovered from Debtor's ex-spouse during the pendency of this case shall be turned over and administered by the standing Chapter 13 Trustee as part of the bankruptcy estate.

FIRST AMENDED CHAPTER 13 PLAN     3

6. Confirmation of this plan shall constitute a finding that the plan constitutes the Debtor's best effort under all the circumstances to pay his creditors, within the meaning of 11 U.S.C. § 727(a)(9).

7. Under penalty of perjury, Debtor affirms that all federal and state income, employment and other tax returns due as of the date of this Plan have been filed with the appropriate agency.

8. So long as Debtor pays her chapter 13 plan payments in a timely fashion and no checks are returned for insufficient funds, Trustee shall not seek wage withholding of the plan payments from other sources.

DATED this 13TH day of August, 2007.

*/s/ Kifflin M. Bauer*
Kifflin M. Bauer

FIRST AMENDED CHAPTER 13 PLAN     4